IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY ROY,<br>　　Plaintiff, | : | |
| vs. | : | CIVIL ACTION 18-0459-CG-MU |
| KAY IVEY, *et al.*,<br>　　Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Plaintiff Larry Roy, a prison inmate proceeding *pro se* and *in forma pauperis*, filed his complaint under 42 U.S.C. § 1983.[1] (Doc. 29). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the undersigned on Wexford Health Sources, Inc.'s Motion for Summary Judgment (Doc. 43) and Kay Ivey's and Jefferson Dunn's Motion to Dismiss (Doc. 40).[2] After careful review of the pleadings, and for the reasons set out below, it is recommended that Defendant's Motion for Summary Judgment be GRANTED, that Defendants' Motion to

---

[1] Plaintiff filed this action on October 22, 2018 and an Amended Complaint on January 2, 2019, which was not on the Court's § 1983 complaint form. (Docs. 1, 7). The Court ordered Plaintiff to file a second amended complaint in accordance with the Court's § 1983 form and advised him that the amended complaint would take the place of the original complaint. (Doc. 20). Plaintiff's second amended complaint (Doc. 23) was in compliance with the Court's order but was deemed a "shotgun" pleading, consisting of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. (Doc. 27). The Court explained the deficiencies to Plaintiff and granted Plaintiff leave to file a third amended complaint. (*Id.*). It is Plaintiff's third amended complaint (Doc. 29) that comprise the current complaint of this action.

[2] Wexford Health Sources, Inc. answered the suit and filed a special report in support of its position (Docs. 35, 37), which the Court has converted into a Motion for Summary Judgment. (Doc. 43). Defendants Kay Ivey and Jefferson Dunn responded to Plaintiff's suit with a Motion to Dismiss. (Doc. 40). Plaintiff has submitted a response in opposition to Defendants' motions. (Doc. 47).
　　Both motions are now before the Court.

Dismiss be GRANTED, and that the claims asserted against Defendants be dismissed with prejudice.

I. **Summary of Allegations.**

In his complaint, Plaintiff alleges he experienced over a four-year delay (from 2014-2019) in the diagnosis and surgical treatment of a hernia, causing subsequent complications and/or medical issues. According to Plaintiff,

> [t]he initial Hernia exacerbated to a 'large lump', the 'large lump' exacerbated into a 'serious infection', the 'serious infection' was exacerbated to a 'second injury', the 'second hernia' was exacerbated to a 'foreign object', the 'foreign object' led to surgery of the 'left lower hernia' and that surgery led to an exploratory surgery to remove the 'foreign object' that was discovered on the prostate surgery scar.

(Doc. 29 at 5). He claims the long delays placed him under a substantial risk of "more serious harm". (*Id*. at 6). He further claims he still suffers serious pain from the surgeries, including pain in his buttocks (which has not been adequately treated and the "cause has not yet been found"). (*Id*. at 6, 8).

According to Plaintiff, Wexford Health Sources, Inc. ("Wexford"), the provider of medical care for the Alabama prison systems, has a policy, custom, and pattern of long delays, which caused the development of escalating problems from his initial hernia until its surgical removal on June 24, 2019. Also, he alleges that Governor Kay Ivey and Commissioner Dunn know of Wexford's policies, customs, and patterns of delays (because they have access to Wexford's records and those records "clearly show a pattern of long delays, from the time of diagnosis until the treatment of the prisoner's serious need") and that Governor Ivey and Commissioner Dunn "ignored" or "failed to act" on the delays. (Doc. 47 at 23-24; Doc. 29 at 5, 7). Plaintiff seeks monetary compensation for the alleged constitutional violation. (Doc. 29 at 10).

2

**II. Legal Standards.**

**a. Summary Judgment.**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (2009) ("[S]ummary judgment is appropriate even if 'some alleged factual dispute' between the parties remains, so long as there is 'no genuine issue of material fact.'" (emphasis omitted)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-24.

> Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson*, 477 U.S. at 255.

*ThyssenKrupp Steel USA, LLC v. United Forming, Inc.*, 926 F. Supp. 2d 1286, 1289-90 (S.D. Ala. Jan. 29, 2013) (citations omitted).

The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts. A genuine dispute requires more than "some metaphysical doubt as to material facts." *Garczynski*, 573 F.3d at 1165 (internal citations omitted). A "mere scintilla" of evidence is insufficient; the nonmoving party must produce substantial evidence in order to defeat a motion for summary judgment. *Id.* In addition, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). More importantly, where "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007); *see also Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. Aug. 29, 2011) ("In cases where opposing parties tell different versions of the same events, one of which is blatantly contradicted by the record—such that no reasonable jury could believe it—a court should not adopt the contradicted allegations." (citations omitted) (unpublished)).[3]

### b. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,

---

[3] "Unpublished opinions are not considered binding precedent but may be cited as persuasive authority." 11th Cir. R. 36-2.

4

550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that [*7] the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Because Plaintiff is proceeding *pro se*, the Court must also liberally construe her complaint. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

In addition, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no

construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. Discussion.

"The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs", *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999) (citing *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)), including delays in medical treatment which are "tantamount to unnecessary and wanton infliction of pain." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 n. 9 (2002)) (internal citations and quotation marks omitted). To state a constitutional claim, Plaintiff must establish deliberate indifference to a serious medical need. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016).

**1. Defendant Wexford Health Sources, Inc.**

Plaintiff is suing Wexford for its alleged policy and/or custom of delaying hernia treatment. Although Wexford is not a governmental entity, its contract with the state to provide medical services to inmates is the functional equivalent of "state action". *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (citations omitted) (For purposes of § 1983, "[w]here a function which is traditionally the exclusive prerogative of the state . . . is performed by a private entity, state action is present".). For a governmental entity, such as Wexford (based on its functional equivalence to a government entity), to be liable in a § 1983 action, it must be established that the government entity "*itself* causes the constitutional violation at issue." *Cook ex rel. Estate*

6

of *Tessier v. Sheriff of Monroe Cty., Fla*., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Stated another way, "[*r*]*espondeat superior* or vicarious liability will not attach under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Thus, Plaintiff must show that an official policy or custom of Wexford was the "moving force" behind his alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Plaintiff provides a lengthy narrative of his hernia diagnosis and treatment. He describes multiple evaluations by prison physicians and outside urology specialists. He further details numerous treatments for an enlarged prostate and urethral stricture, including laser surgery, microwave surgery, catheters, and urinary infection treatments. Clearly, Plaintiff demonstrates that he has experienced medical issues for a lengthy duration of time. However, it is Plaintiff's personal account *of a single incident* which is articulated in his complaint and subsequent pleadings – which is insufficient to establish a policy or custom.

> "Proof of a single incident of unconstitutional activity is not sufficient to impose liability" against a municipality. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436, 85 L. Ed. 2d 791 (1985) (plurality opinion). "A pattern of similar constitutional violations . . . is 'ordinarily necessary.'" *Connick v. Thompson*, 563 U.S.   ,   , 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 409, 117 S. Ct. 1382, 1391, 137 L. Ed. 2d 626 (1997)). "A single incident would not be so pervasive as to be a custom," *Grech*, 335 F.3d at 1330 n.6, because a custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it," *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991). This requirement of proof "prevents the imposition of liability based upon an isolated incident," *McDowell*, 392 F.3d at 1290, and "'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality,'" *id*. (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 403-04, 117 S. Ct. at 1388). "[A]n act performed

> pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Comm'rs*, 520 U.S. at 404, 117 S. Ct. at 1388. "In the absence of a series of constitutional violations from which deliberate indifference can be inferred, the plaintiff[] must show that the policy itself is unconstitutional." *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 531 (7th Cir. 2000).

*Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310-11 (11th Cir. 2001).

Plaintiff's proof of Wexford's alleged policy or custom of delay of hernia treatment rests entirely on a single incident, his personal experience.[4] Plaintiff fails to "point to another occasion" when an alleged policy or custom "contributed to or exacerbated an inmate's medical condition." *Id*. at 1311 (quoting *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004). "Simply put, [Plaintiff's] isolated incident, however unfortunate, does not demonstrate evidence of the [State's] persistent or widespread' policy." *Id*. (internal citation omitted). Accordingly, Plaintiff's allegations are insufficient to establish that Wexford had a policy or custom of constitutional violations (namely, delay of hernia treatments) that was so persistent and "widespread as to have the force of law." *Id*. at 1312 (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

Therefore, the undersigned recommends that summary judgment be GRANTED in favor of Wexford Health Sources, Inc., and Plaintiff's claims against Defendant Wexford Health Sources, Inc., be dismissed with prejudice.

---

[4] In response to Defendants' motions, Plaintiff provided statements in support of his claim, one sworn and six unsworn. (*See* Doc. 47). Even the personal statements focus only on Plaintiff's hernia issue and describe witnessing Plaintiff's medical needs, pain, surgeries, and the long duration of his medical issues.

### 2. Defendants Governor of the State of Alabama Kay Ivey and Commissioner of the Alabama Department of Corrections Jefferson Dunn.

Defendants Ivey and Dunn assert that there are no factual allegations describing how they personally participated in the medical treatment of Plaintiff and are being sued based solely on the supervisory positions they occupy, and the Court agrees. To the extent Plaintiff asserts a supervisory claim in a § 1983 action, Plaintiff must establish a causal connection between each defendant's "actions, orders, customs, policies, or breaches of statutory duty and the alleged deprivation of his constitutional rights." *Frankum v. Chapman*, 2009 U.S. Dist. LEXIS 133760, 2009 WL 1118875, *3 (S.D. Ala. 2009) (citations omitted). Liability for an alleged constitutional violation cannot be established on the basis of a theory of *respondeat superior. See Edwards v. Ala. Dep't of Corrs.*, 81 F. Supp. 2d 1242, 1255 (M.D. Ala. 2000) ("A theory of *respondeat superior* is not sufficient to support [a] § 1983 claim. . . .").

"[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" *Id.* (citations omitted). "Alternatively, the causal connection may be established when a supervisor's 'custom or policy . . . result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from

doing so.'" *Id.* (citations and internal quotation marks omitted). In such instances, Plaintiff must show that the policy or custom was "the 'moving force [behind] the constitutional violation.'" *Pinkney v. Davis*, 952 F. Supp. 1561, 1569 (M.D. Ala. 1997) (citations omitted). "[I]t is clear that not only must there be some degree of 'fault' on the part of [defendant] in establishing the policy or tolerating the custom, but there must be a causal link between the custom or policy and the constitutional deprivation." *Id.* (citations omitted).

Here, Plaintiff does not allege, much less present evidence, that Defendants Ivey or Dunn were personally involved in any decision related to Plaintiff's medical treatment for his hernia condition. Plaintiff has further failed to show a causal connection between the defendants and the harm suffered in order to establish liability as to Defendants Ivey and Dunn. Plaintiff's single allegation that Defendants Ivey and Dunn knew of a constitutional violation because they have access to Wexford's records is simply too tenuous to establish subjective knowledge that Plaintiff was experiencing delays in medical care and clearly conclusory and insufficient to establish knowledge of a pattern or custom of delayed care. The record is further void of an argument or evidence of a widespread history of hernia surgery denials or delays that placed Defendants on notice to address the medical care at the prison. Additionally, there is no evidence that Defendants directed staff to refrain from providing or prevented staff from providing adequate medical care. Thus, Plaintiff has presented no evidence that any custom or policy of Defendant Ivey or Dunn resulted in a constitutional violation related to the medical treatment he received for his hernia. Accordingly, Plaintiff's claims against Defendants Ivey and Dunn related to that treatment fails as a matter of law.

Therefore, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED, and Plaintiff's claims against Defendants Kay Ivey and Jefferson Dunn be dismissed with prejudice.

**IV.    Conclusion.**

Based on the foregoing, it is recommended that Defendant's Motion for Summary Judgment be **GRANTED,** that Defendants' Motion to Dismiss be **GRANTED**, and that Plaintiff's action against Defendants be **DISMISSED** with prejudice.

The instructions below contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection,

and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**ORDERED** this **21st day of October, 2020**

<u>s/P. Bradley Murray</u>
**UNITED STATES MAGISTRATE JUDGE**