IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY ROY** | ) |
| **Plaintiff,** | ) |
| v. | ) CIV. CASE NO. 18-459-CG-MU |
| **KAY IVEY,** *et al.*, | ) |
| **Defendants,** | ) |

## ORDER

This matter is before the Court on Plaintiff, Larry Roy's ("Roy's") *pro se* "Motion, Lack of Jurisdiction for District Judge to Issue Order, 23rd November, 2020, Adopting Unconstitutional Report and Recommendation of Magistrate, Violating Substantial and Equal Protection Clause of Constitution". (Doc. 57). For the reasons set forth herein below, Roy's Motion (Doc. 57) is DENIED.

## DISCUSSION

Roy, a prison inmate proceeding pro se and *in forma pauperis*, initially filed his complaint under 42 U.S.C. § 1983 on October 22, 2018, alleging that Wexford Health Sources, Inc. ("Wexford"), the provider of medical care for the Alabama prison systems, has a policy, custom, and pattern of long delays, which caused him to suffer serious medical harm. (Doc. 29).[1] Plaintiff additionally alleged that

---

[1] For various reasons, Plaintiff filed several amended complaints in this action. (*See* Docs. 7, 20, 23, 27, and 29). It is Plaintiff's third amended complaint (Doc. 29) that comprises the current complaint of this action.

Governor Kay Ivey and Commissioner Dunn knew of Wexford's policies, customs, and patterns of delays and ignored or failed to act on the delays. (*Id.*) On April 3, 2020, Wexford filed an Answer and Special Report (Docs. 35 and 37) which was converted to a Motion for Summary Judgment (Doc. 43). On April 14, 2020, Defendants Dunn and Ivey filed a Motion to Dismiss Roy's Third Amended Complaint. (Doc. 40). Defendants' respective motions were referred to United States Magistrate Judge P. Bradley Murray pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R). (Docket entries dated April 20, 2020 and May 15, 2020; *see also* Docs. 43 and 50).

On October 21, 2020, Magistrate Judge Murray entered a Report and Recommendation ("R&R") recommending that Wexford's Motion for Summary Judgment and Dunn and Ivey's motion to dismiss be granted. (Doc. 50). Roy filed an Objection to the R&R on November 5, 2020. (Doc. 52). On November 23, 2020, the undersigned entered an Order adopting the Magistrate's R&R and entered a judgment that dismissed Roy's claims against Defendants with prejudice. (Docs. 54 and 55). On December 8, 2020, Roy filed the instant motion which this Court construes as a challenge to its authority to enter its Order adopting the Magistrate's R&R.[2] The motion is ripe for adjudication.

---

[2] Roy additionally filed a Notice of Appeal and a Motion to Appeal *In forma Pauperis* on December 16, 2020. (Docs. 58 and 59). The IFP motion has since been denied (Doc. 63). The United States Court of Appeals for the Eleventh Circuit has suspended its consideration of Roy's appeal until this Court rules on the instant motion. (Doc. 64).

DISCUSSION

This Court construes Roy's motion to seek a withdrawal of the undersigned's Order Adopting the R&R of Magistrate Bradley Murray based on the contention that the Magistrate Judge was without authority to enter the R&R. Roy's motion, while not the example of clarity, asserts that his Complaint was referred to Magistrate Judge Murray pursuant to 28 U.S.C. § 636(b)(1). (Doc. 57 at 1; PageID.373). Roy then states as follows:

> 2. Plaintiff was supposed to be notified, but was not notified of the availability of a Magistrate Judge for the purpose of a preliminary report and recommendations at the beginning of the case, the Magistrate did not give notice of any kind, that he needed to act on his own, contrary to Statute 28 U.S.C. § 636(c)(1) Rule 73(b), Fed. R. Civ. P. "if the parties consent, the Magistrate judge will handle the case from that point on as if he were a district judge, including conducting trial […]".

(*Id.*) As a result, Roy contends he was deprived of his constitutional right to due process. (*Id.*) Plaintiff further contends that because he did not consent to the Magistrate Judge handling his case, the same was involuntary in violation for "78 U.S.C. (c)(2), Rule 73(b)". (*Id.*) Finally, Plaintiff asserts that "Dispositive matters" may not be referred to a magistrate judge" such that the Magistrate's R&R violated Plaintiff's constitutional right to due process. (*Id.*) For support, Roy reverts back to his arguments that his Complaint should not have been dismissed for failure to state a claim upon which relief could be granted pursuant to The Prison Litigation Reform Act of 1995 and the relevant case law addressing failure to state a claim. (*Id.* at 2; PageID.374). Plaintiff then proceeds to argue that the Magistrate's findings were incorrect for numerous reasons. (*Id.* at 2-5; PageID.374-77). Finally,

in his prayer for relief, Roy states as follows:

> Because Plaintiff did not consent to authorize s/P Magistrate judge Bradley Murray, to rule in the Report and Recommendations in the case at bar, and, Plaintiff has not been afforded his Substantial Due Process, and Equal Protection right, as other prisoners, to have a Fundamentally Fair Trial, he pleads that his Court consider this Motion and apply those constitutional violations that occurred in the Report and, Recommendations and apply the mandatory Laws that afford Plaintiff a Fundamentally Fair Trial, as stated in this motion, to preserve the judicial integrity of this Court, and if necessary to file his APPEAL in the 11th CIR. CT., so the entire record will be included in the Court's opinion, where all parties will be afforded equal justice for all.  Considering the numerous errors made in the Report and recommendations, Plaintiff prays for a re-consideration of the findings of this Court, in his favor. Done in goof [sic] faith.

(*Id.* at 5; PageID.377).

28 U.S.C. § 636(b)(1) states as follows:

> **(b)(1)** Notwithstanding any provision of law to the contrary--
>
>   **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
>   **(B) a judge may also designate a magistrate judge** to conduct hearings, including evidentiary hearings, and **to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court,** *of any motion excepted in subparagraph (A),* of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
>   **(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy

4

> shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (emphasis added).

While Roy contends that the Magistrate Judge improperly considered the dispositive motions pending in his action, it is clear that the Magistrate did exactly what is permitted by 28 U.S.C. § 636(b)(1)(B), that is, entered a Report and Recommendation to the District Judge. Further, the record reflects that the R&R was properly submitted to the Court, the parties were mailed a copy, Roy was given an opportunity to object (and did object), and then after a review of the relevant pleadings, the undersigned District Judge accepted, in whole, the recommendations made by the Magistrate Judge, all in complete compliance with 28 U.S.C. § 636(b)(1)(B). As such, Roy's argument that the Court's actions in this case were improper and deprived him of his constitutional rights is without merit. Finally, because Roy's complaint and Defendants' motion were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the consent requirements of 28 U.S.C. § 636(c)(1) have no application in Roy's action.

To the extent that Roy's motion seeks this Court to reconsider the merits of his claims, Roy's request is, likewise, due to be denied. "A motion for

5

reconsideration cannot be used 'to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment.' " *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

In his motion, Roy spends much of his time attempting to point out what he believes are errors in the R&R based on the pleadings, materials, and evidence previously considered by this Court. In short, Roy merely raises the same arguments he has previously presented and attempts to relitigate old matters that were already analyzed by this Court. Accordingly, to the extent that Roy's motion is construed as a motion for reconsideration, the same is due to be denied.

## CONCLUSION

For the reasons set forth herein above, Roy's Motion (Doc. 57) is DENIED.

**DONE** and **ORDERED** this 27th day of January, 2021.

                            /s/ Callie V. S. Granade  
                            SENIOR UNITED STATES DISTRICT JUDGE